UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | No. 2:13-CV-02069-KJM-DAD |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF LABOR, et al., | |
| Defendants. | |

Amalgamated Transit Union ("ATU") is an international labor organization that acts as the collective bargaining representative of approximately 150,000 employees who work for state or local transportation agencies in the United States, including about 12,000 employees who work for state and local transportation agencies within California. ATU moves for leave to file an amicus curiae brief (ECF No. 10) in the above-captioned matter in support of defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF No. 9), and an opposition to any dispositive cross-motion(s) filed by plaintiffs. The court notes that ATU attempted to confer with counsel for plaintiffs and defendants: defendants "take no position" on this motion (ECF No. 10) and plaintiffs have filed a statement of non-opposition stating that they "do not oppose" ATU's request for leave to file an amicus curiae brief (ECF

1

No. 15).  Because oral argument will not be of material assistance, the court vacates that hearing date for the motion for leave to file an amicus brief (ECF No. 10) and decides the motion without oral argument.  E.D. Cal. L.R. 230(g).  For the reasons set forth below, ATU's motion for leave to file an amicus brief is GRANTED.

Although Federal Rule of Appellate Procedure 29 outlines the manner and circumstances in which an amicus brief may be filed in appellate court, the Federal Rules of Civil Procedure lack a trial-court counterpart.  Nonetheless, the Ninth Circuit has held that "a district court has broad discretion in the appointment of amici curiae," such that an appellate court will not reverse absent abuse of discretion.  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995).  Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted).

The touchstone is whether the amicus is "helpful," and there is no requirement "that amici must be totally disinterested."  *Hoptowit*, 682 F.2d at 1260.  However, "in the absence of exceptional circumstances, . . . [the court does] not address issues raised only in an amicus brief."  *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) (citing *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)); *see also Santiago v. Rumsfeld*, 425 F.3d 549, 552 n.1 (9th Cir. 2005) ("We follow our general rule in declining to address . . . arguments not raised by the parties.").

Given the public employment and constitutional issues implicated in the instant case, the court finds that this case has "potential ramifications beyond the parties directly involved."  *N.G.V. Gaming, Ltd.*, 355 F. Supp. 2d at 1067.  Thus, ATU, which represents public transportation employees in California and across the nation, is likely to lend a unique perspective on these issues.  Moreover, ATU represents through its motion that it has itself initiated "litigation against transit bodies in federal courts in every circuit seeking to enforce"

section 13 of the Federal Public Transportation Act, the statutory provision giving rise to plaintiffs' Administrative Procedure Act claims and constitutional challenges. (ECF No. 10, at 4.) *See also Jackson Transit Auth. v. Amalgamated Transit Union*, 457 U.S. 15, 16 (1982) ("This case presents the issue whether § 13(c) by itself permits a union to sue in federal court for alleged violations of an arrangement of this kind or of the collective-bargaining agreement between the union and the local government transit authority."); *Amalgamated Transit Union v. Brock*, 809 F.2d 909, 911 (D.C. Cir. 1987) ("The issue presented here is whether section 13(c) permits the Secretary [of Labor] to issue a certification on the condition that such protective arrangements will be made at some date in the future.").

      Therefore, the court concludes ATU's supplemental briefing may prove helpful in adjudicating defendants' pending motion to dismiss, or, in the alternative, for summary judgment. ATU's motion for leave to file an amicus curiae brief, or briefs (ECF No. 10), is GRANTED. Any amicus brief that ATU decides to file, either in support of defendants' pending motion to dismiss, or, in the alternative, for summary judgment or in opposition to any dispositive motion later filed by plaintiffs, must be filed no later than 14 days before the noticed date for hearing and must comply with the applicable Local Rules. *See, e.g.*, E.D. Cal. L.R. 133.

      IT IS SO ORDERED.

DATED: January 14, 2014.

                                             UNITED STATES DISTRICT JUDGE