UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | No. 2:13-CV-02069-KJM-DAD |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF LABOR, et al., | |
| Defendants. | |

      San Francisco Bay Area Rapid Transit District ("BART") is a local transit agency. BART moves for leave to file an amicus curiae brief, (ECF No. 26), in opposition to defendants' motion to dismiss or in the alternative for summary judgment, (ECF No. 9), and in support of any dispositive cross-motion(s) filed by plaintiffs. The court notes that BART attempted to confer with counsel for plaintiffs and defendants. Defendants "reserved [the] right to object" to the motion for time to respond as needed, and plaintiffs have "no objection to BART's request." The court decided the matter without oral argument and, for the reasons below, GRANTS the motion.

      Although Federal Rule of Appellate Procedure 29 outlines the manner and circumstances in which an amicus brief may be filed in appellate court, the Federal Rules of

1

Civil Procedure lack a trial-court counterpart. Nonetheless, the Ninth Circuit has held that "a district court has broad discretion in the appointment of amici curiae," such that the appellate court will not reverse absent abuse of discretion. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995). Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted).

The touchstone is whether the amicus is "helpful," and there is no requirement "that amici must be totally disinterested." *Hoptowit*, 682 F.2d at 1260. However, "in the absence of exceptional circumstances, . . . [the court does] not address issues raised only in an amicus brief." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) (*citing Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)); *see also Santiago v. Rumsfeld*, 425 F.3d 549, 552 n.1 (9th Cir. 2005) ("We follow our general rule in declining to address . . . arguments not raised by the parties.").

Given the public employment and constitutional issues implicated here, the court finds this case has "potential ramifications beyond the parties directly involved." *N.G.V. Gaming, Ltd.*, 355 F. Supp. 2d at 1067. Thus, BART, who has recently completed its collective bargaining process with its public employee transit unions under the California Public Employees' Pension Reform Act (PEPRA), is likely to lend a unique perspective on the issues in this case. Thus, the court concludes BART's supplemental briefing may prove helpful in adjudicating defendants' pending motion.

BART's motion for leave to file an amicus curiae brief is GRANTED.

IT IS SO ORDERED.

DATED: February 7, 2014.

_____
UNITED STATES DISTRICT JUDGE