UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, acting by and through the CALIFORNIA DEPARTMENT OF TRANSPORTATION; and SACRAMENTO REGIONAL TRANSIT DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; and THOMAS E. PEREZ, in his capacity as SECRETARY OF UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendants. | No. 2:13-cv-02069-KJM-DAD<br><br>ORDER |

        The State of California, acting by and through the California Department of Transportation (Caltrans) and the Sacramento Regional Transit District (SacRT) has filed an ex parte request to shorten the time for briefing and a hearing on its motion for leave to file a supplemental complaint. The defendants, the United States Department and the Secretary of Labor, oppose the ex parte request. For the following reasons, the request is DENIED.

        Caltrans and SacRT filed the original complaint in this case in October 2013. ECF No. 1. The complaint was amended in August 2014, ECF No. 59, and on December 30, 2014, the

1

court issued an order remanding the case to the Department of Labor for further proceedings, ECF No. 81,[1] and entered judgment, ECF No. 82.  The defendants appealed, ECF No. 84, but later moved for voluntarily dismissal of that appeal, and the dismissal was granted on August 12, 2015.  *See* ECF No. 86.

The next day, the Department of Labor issued its decisions on remand.  Ex Parte App. (App.) 3, ECF No. 89; Opp'n Ex Parte App. (Opp'n) 1, ECF No. 90.  On September 10, 2015, Caltrans and SacRT moved to enforce the court's previous order remanding the case, ECF No. 87, and moved for leave to file a supplemental complaint, ECF No. 88.  Both motions were noticed for hearing on October 23, 2015.  The same day, Caltrans and SacRT filed an ex parte application for an order shortening the time for briefing and a hearing on their motion for leave to file a supplemental complaint.  ECF No. 89.  In support of that request, they argue any delay will cause "serious harm" because delay itself is harm, *see id.* at 5–6, and in particular,

> [The] Plaintiffs continue to suffer serious financial repercussions. This includes a down-graded bond rating for Plaintiff SacRT.  That down-graded bond rating is a direct result of the uncertainty surrounding . . . application [of the Public Employees' Pension Reform Act of 2013] to represented SacRT employees.  In addition, given the anticipated annual cycle of FTA grants, the harm to Plaintiffs and other transit agencies in California is expected to increase in the near future.

Kraft Decl. ¶ 3, ECF No. 89.  The plaintiffs do not specify on what date "in the near future" they expect their harm will begin to increase, in what way exactly, or by what amounts.  They request a hearing "on or about October 2, 2015, or the earliest date that the Court is able to hear the matter."  App. at 2.

The defendants oppose the ex parte request, argue the plaintiffs have not demonstrated any need to expedite the briefing and hearing schedule, and argue the plaintiffs have not acted expeditiously.  Opp'n at 2–3.  They also protest that an expedited hearing schedule

---

[1] The order is reported as *California v. Dep't of Labor*, 76 F. Supp. 3d 1125 (E.D. Cal. 2014).

2

1 would prevent them from thoroughly opposing the motion. *Id.* at 2.  They point out that the
2 plaintiffs waited about a month to file the current motions. *Id.* at 3.

3         This District's Local Rules provide that "[a]pplications to shorten time shall set
4 forth by affidavit of counsel the circumstances claimed to justify the issuance of an order
5 shortening time."  E.D. Cal. L.R. 144(e).  When considering such a request, courts consider
6 commonsense factors such as whether the applicant's predicament is of its own making, whether
7 some other routine procedural mechanism would provide adequate relief, and whether an
8 expedited schedule is necessary to avoid a specific harm.  *See, e.g.*, *Horne v. Wells Fargo Bank,*
9 *N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013); *Hanger Prosthetics & Orthotics, Inc. v.*
10 *Capstone Orthopedic, Inc.*, No. 06-02879, 2007 WL 3340935, at *1 (E.D. Cal. Nov. 9, 2007).  A
11 commonly cited case suggests the applicant must show it would suffer irreparable prejudice.
12 *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

13         Here, the plaintiffs have not explained why an expedited schedule is necessary in
14 anything more than general terms.  The court understands the significance of a downgraded bond
15 rating, or missing a federal grant funding cycle, but cannot evaluate what harm, irreparable or
16 otherwise, the plaintiffs may face without more.  The request is denied without prejudice subject
17 to renewal upon more specific justification.

18         IT IS SO ORDERED.

19 DATED: September 16, 2015.

                                    UNITED STATES DISTRICT JUDGE