UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 2:13-cv-02069-KJM-DB |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT OF LABOR, et al., | |
| Defendants. | |

Plaintiffs move for reconsideration of the court's March 14, 2019 minute order closing the case and declining to retain jurisdiction, ECF No. 155. Mot., ECF No. 156. Plaintiffs note the order was based on the court's apparent understanding that the parties had reached a settlement, when, in fact, they had not. *See* Mot. at 2 (citing March 14, 2019 Minute Order, ECF No. 155 ("[T]he court in its discretion declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement.")); Joint Status Report, ECF No. 154, at 2 ("Plaintiffs respectfully request that the Court retain jurisdiction to ensure that action by the Defendants on [the] applications [at issue in this case] complies with the Court's orders."). Plaintiffs further argue federal courts frequently and appropriately retain jurisdiction to enforce court-issued injunctions, and the court should follow suit in this case. *Id.* Defendants disagree, arguing plaintiffs' request to retain jurisdiction is a request for "new relief on the merits" and any attempt to enforce the

1

injunction should be made by seeking relief in a separate administrative action against the agency. *See* Opp'n, ECF No. 164 at 5.

District courts have wide discretion to consider and vacate prior orders. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted & alteration in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . of that which was already considered by the [c]ourt in rendering its decision." *Le v. Sandor*, No. 14–01464, 2014 WL 5305894, at *1 (E.D. Cal. Oct. 15, 2014) (internal quotation marks omitted). In addition, in this district, a motion for reconsideration is governed by Local Rule 230(j), which requires a party to set forth, among other things, "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

Plaintiffs have established the court clearly erred in its March 14, 2019 order; the order was based on the court's in fact erroneous understanding that the parties had reached a settlement. *See* March 14, 2019 Minute Order. Having considered the parties' current briefing on the issue, the court will retain jurisdiction over the enforcement of the injunction entered at ECF No. 137. *See Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995) ("District courts do, and must, have the authority to punish contemptuous violations of their orders."); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985) ("When an equity case ends in a permanent injunction, the trial court, with or without an explicit reservation of jurisdiction, retains jurisdiction to enforce the injunction, as by contempt proceedings."). As one court in this Circuit has explained,

> [t]he question of continuing jurisdiction for the purpose of enforcing the terms of a permanent injunction is a different matter than the question of jurisdiction over the broader settlement agreement.

2

> When a court has issued a permanent injunction, jurisdiction over the injunction is not a question of ancillary jurisdiction, but rather stems from the court's inherent authority to enforce its own orders.

*M Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884-BAS-MDD, 2016 WL 4063806, at *2 (S.D. Cal. Feb. 17, 2016) (citations omitted).

Accordingly, the court hereby ORDERS:

1. Plaintiffs' motion for reconsideration of the court's March 14, 2019 minute order is GRANTED;

2. In light of the representations in the parties' Joint Status Report filed at ECF No. 154, the Motion for Leave to Intervene filed by Amalgamated Transit Union ("ATU") is considered WITHDRAWN; and

3. The court will retain jurisdiction to enforce the permanent injunction entered in this case at ECF No. 137.

DATED: June 12, 2019.

_____
UNITED STATES DISTRICT JUDGE